UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDY WHITE,

    Applicant,

v.                                          CASE NO. 8:17-cv-28-T-23SPF

SECRETARY, Department of Corrections,

    Respondent.
_____/

**O R D E R**

White applies under 28 U.S.C. § 2254 for the writ of habeas corpus (Doc. 1) and challenges the validity of his state convictions for both murder in the second degree and robbery, for which he is imprisoned for twenty-five years. Numerous exhibits ("Respondent's Exhibit __") support the response. (Doc. 7) The respondent correctly argues that the application is time-barred.

Under the Anti-Terrorism and Effective Death Penalty Act, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1)(A). Additionally, under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review

with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

White's conviction became final on May 26, 2014,[*] and the limitation expired one year later, absent tolling for a state post-conviction proceeding. The limitation expired on May 26, 2015, without the filing of either a tolling state action or a federal application under Section 2254. Although White petitioned for leave to file a belated direct appeal before the limitation expired, the petition failed to toll the limitation, as *Espinosa v. Sec'y, Dep't of Corrs.*, 804 F.3d 1137, 1141 (2015) (alterations and emphasis original), explains:

> Espinosa's petition for belated appeal is not an "application for State post-conviction or other collateral review with respect to the pertinent judgment," 28 U.S.C. § 2244(d)(2). "[R]eview of anticipated appeal or the validity of the order to be appealed, but instead reviews the grounds for relieving the petitioner of his or her failure to timely seek such an appeal." *Jones v. State,* 922 So. 2d 1088, 1090 (Fla. Dist. Ct. App. 2006). "[I]t challenges events that occur *after* the final order is rendered." *Id.* An appellate court decides that a petitioner is entitled to belated appeal by considering whether his lawyer failed to file a timely appeal upon request, his lawyer misadvised him as to the availability of review, or there were "circumstances unrelated to [his] counsel[ ] . . . that were beyond the petitioner's control and otherwise interfered with the petitioner's ability to file a timely appeal." Fla. R. App. P. 9.141(c)(4)(F). A petitioner seeking belated appeal does not need "to allege that the issues that would be presented on appeal are potentially meritorious."

---

[*] White was sentenced on April 25, 2014. Because White filed no appeal, the conviction became final upon expiration of the thirty days permitted for appealing. *Armstrong v. State*, 148 So. 3d 127, 128 (2nd DCA 2014) ("When no appeal is filed, finality occurs thirty days after rendition of the judgment and sentence, which is the date on which the time for filing the notice of appeal expires."). Because May 25, 2014, was a Sunday, under Rule 6(a)(1)(C), Federal Rules of Civil Procedure, the deadline extends to "the next day that is not a Saturday, Sunday, or legal holiday." May 26, 2014, was the next Monday.

- 2 -

> *State v. Trowell,* 739 So. 2d 77, 80 (Fla. 1999). The appellate court considering the petition does not reexamine the underlying judgment or claim, and a ruling on the petition cannot make "amendment[s] or improvement[s]" to the terms of custody. *Kholi,* 131 S. Ct. at 1285 (quoting *Kholi v. Wall,* 582 F.3d 147, 153 (1st Cir. 2009)) (internal quotation mark omitted). Accordingly, a petition for belated appeal is not an application for collateral review within the meaning of section 2244(d).

*Espinosa*, 804 F.3d at 1141, also explains that this lack of tolling for a motion seeking a belated appeal is consistent with state law.

> Our reasoning mirrors how a Florida court would treat a petition for a belated direct appeal in determining the timeliness of a state motion for collateral review. That is, an unsuccessful petition for belated appeal of a criminal conviction, under Florida law, does not toll the limitation period for state collateral review.

White asserts entitlement to review because his "claims warrant relief under fundamental miscarriage of justice" (Doc. 12 at 6) based on his having sought a belated appeal. The "miscarriage of justice" exception is also called the "actual innocence" exception. *See Sawyer v. Whitley*, 505 U.S. 333, 333 (1992) ("The miscarriage of justice exception applies where a petitioner is 'actually innocent' of the crime of which he was convicted."); *Schlup v. Delo*, 513 U.S. 298, 321 (1995) ("To ensure that the fundamental miscarriage of justice exception would remain 'rare' and would only be applied in the 'extraordinary case,' while at the same time ensuring that the exception would extend relief to those who were truly deserving, this Court explicitly tied the miscarriage of justice exception to the petitioner's innocence."); *House v. Bell*, 547 U.S. 518, 537 (2006) (using both miscarriage of justice and actual innocence to describe the same exception).

"Miscarriage of justice" is not a separate claim that challenges the conviction but a "gateway" through which a defendant may pass to assert an otherwise time-barred or procedurally barred federal claim. Passage through the gateway is difficult because "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The gateway is narrow and opens "only when a petition presents 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *McQuiggin, Warden, v. Perkins*, 569 U.S. 383, 401 (2013) (quoting *Schlup v. Delo*, 513 U.S. at 316).

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). White asserts no evidence of his innocence, neither now nor during the state criminal proceedings. White pleaded guilty to murder in the second degree — with a sentence of imprisonment for twenty-five years — to avoid a possible conviction for murder in the first degree — with a possible sentence of imprisonment for life. As a consequence, White fails to prove entitlement to the an exception to the one-year limitation.

The application for the writ of habeas corpus (Doc.1) is **DISMISSED** as time-barred. The clerk must enter a judgment against White and **CLOSE** this case.

# DENIAL OF BOTH
# A CERTIFICATE OF APPEALABILITY
# AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

White is not entitled to a certificate of appealability ("COA"). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his application. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, White must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the application is clearly time-barred, White cannot meet *Slack*'s prejudice requirement. 529 U.S. at 484. Finally, because White is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

A certificate of appealability is **DENIED**. Leave to appeal *in forma pauperis* is **DENIED**. White must pay the full $505 appellate filing fee unless the circuit court allows White to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on June 19, 2019.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE